# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MARGARET NOEL AND MICHAEL NOEL,

        Plaintiffs,

    v.

THE BANK OF NEW YORK MELLON F/K/A THE
BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE CWABS, INC.,
ASSET-BACKED CERTIFICATES, SERIES
2006-14; JOHN AND JANE DOES 1-100,

        Defendants.

Civ. No. 2:18-04798

**OPINION**

<u>**John Michael Vazquez, U.S.D.J.**</u>

*Pro se* Plaintiffs Margaret and Michael Noel bring this action against Defendant The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-14 ("BNYM") and fictitious individuals. Plaintiffs seek declaratory judgment and damages resulting from a 2016 state court foreclosure judgment on their property. ECF No. 1. BNYM moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). ECF No. 7. The motion was decided on the papers without oral argument. L. Civ. R. 78.1(b). For the following reasons, Defendant's motion to dismiss is granted.

## I.    BACKGROUND[1]

In July 2006, Countrywide Home Loans, Inc. ("Countrywide") issued Plaintiffs a mortgage secured by their property. *See* McKenna Cert., Ex. A, ¶¶ 1–3, 12, ECF No. 7-1. In January 2015, BNYM, as the assignee of the loan, filed a foreclosure action in the Superior Court of New Jersey (the "Foreclosure Action"). *Id.* Plaintiffs filed an uncontested answer, asserting no defenses or counterclaims but denying defaulting on their mortgage and asserting they lacked information as to BNYM's standing to foreclose. *Id.*, Ex. B, ¶¶ 6, 7, 10. After answering, Plaintiffs filed a motion to dismiss, *id.*, Ex. C, which was denied, *id.*, Ex. D. Ultimately, in April 2016, the state court entered a final judgment in BNYM's favor. The court found that Plaintiffs' Answer "does not dispute the priority or validity of the Plaintiff's mortgage" and thus issued BNYM a writ of possession and ordered the mortgaged property be sold through a sheriff's sale. *Id.*, Ex. E. This federal action followed.

In March 2018, the Noels filed the current matter, bringing four causes of action. In Count I, the Noels contend BNYM violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and its implementing regulations upon "failing to properly respond to three different [Notices of Error]" ("NoEs") and Requests for Information ("RFIs"). Compl. ¶¶ 9–10. Plaintiffs claim that these "willful violations are part of a pattern and practice of behavior in conscious disregard for the rights of borrowers." *Id.* ¶ 11. In Count II, the Noels accuse BNYM

---

[1] At this stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 254 n.7 (3d Cir. 2016) (per curiam) ("Defendants attached Martinez's state court filings to their motion to dismiss. The District Court correctly recognized that it could consider 'matters of the public record' in deciding Defendants' motion under Fed. R. Civ. P. 12(b)(6)."). The Court will thus consider the documents filed in the state court foreclosure action.

of wrongful debt collection, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Compl. ¶¶ 13–17. In Count III, the Noels assert that BNYM violated the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.*, Compl. ¶¶ 18–26, when it "continued to try to acquire possession of the property via Sheriff's Sale, even while knowing that there were many irregularities regarding the alleged loan to Plaintiffs," *id.* ¶¶ 22. In Count IV, the Noels replead the previously alleged counts in an implied covenant of good faith and fair dealing claim. *Id.* ¶¶ 27–35. Plaintiffs accuse BNYM of "stringing [them] along for a loan modification, failing to respond to the Notices of Error and Requests for Information," *id.* ¶ 30, "refusing [and "blatantly refusing"] to provide any follow up information," *id.* ¶¶ 31–32, and "proceeding to [a] Sheriff's Sale while Plaintiffs awaited promised responses," *id.* 33, all in "an attempt to evict Plaintiffs from the subject property," *id.* ¶ 34.

## II.     LEGAL STANDARD

Rule 12(b)(1) compels a court to dismiss an action if it lacks a statutory or constitutional basis to adjudicate a controversy. *See ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 515 (3d Cir. 1998) (citations omitted). Challenges for want of jurisdiction may be facial or factual. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). In a factual attack like the one presented here, the movant "attacks the factual allegations underlying the complaint's assertion of jurisdiction." *Id.* (citation omitted). Unlike in facial attacks when the court reviews only allegations in the complaint, courts are free in reviewing a factual attack to weigh competing evidence, and the party filing suit has the burden to show jurisdiction exists. *See id.* (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In deciding a motion to dismiss, a court must accept all plausible allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Bell Atl. Corp.*, 550 U.S. at 555. But a court cannot "accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (citation and quotation marks omitted).

## III.   DISCUSSION

BNYM moves to dismiss the Complaint on two grounds. First, BNYM argues this Court lacks jurisdiction to hear Plaintiffs' claims, compelling dismissal under Rule 12(b)(1). Def.'s Br. 6–13, ECF No. 7. Second, BNYM contends Plaintiffs fail to plausibly plead any claims for relief under Rule 12(b)(6). *Id.* at 13–21. As to BNYM's failure-to-state-a-claim arguments, Plaintiffs reply with conclusory statements that the allegations conform with "notice pleading" under the Federal Rules. Pls.' Opp'n 2, ECF No. 8. Plaintiffs also argue this Court has jurisdiction because "[a]ny violation of constitutional rights is clearly an issue to be dealt with in a federal court." *Id.* at 4. Plaintiffs add that "[a]t no point in time were [the] claims in this foreclosure action adjudicated 'on the merits.'" *Id.* at 6.

### A.  Subject Matter Jurisdiction

BNYM contends the *Rooker-Feldman* doctrine, res judicata, and New Jersey's entire controversy doctrine deprives the Court of subject matter jurisdiction. The Court agrees, in part.

### 1. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents federal courts "'from exercising appellate jurisdiction over final state-court judgments' because such appellate jurisdiction rests solely with

the United States Supreme Court." *Madera v. Ameriquest Mortg. Co.*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam)). The doctrine is limited to "cases brought by state-court losers" contesting "state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, the doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citation and quotation marks omitted and brackets removed). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

Both the first and third factors are met here. Plaintiffs lost in the Foreclosure Action, which occurred before filing the Complaint. *See* McKenna Cert., Ex. E (Civil Action Final Judgment, entered Apr. 28, 2016). The second factor is also met as to the FDCPA, NJCFA, and implied covenant and good faith claims, but not the RESPA claim. Plaintiffs' asserted injuries that BNYM wrongfully foreclosed and made attempts to conduct a sheriff's sale stem directly from the final judgment entered in the Foreclosure Action. The state court found no dispute as to the "priority or validity of the [] mortgage," issued a writ giving BNYM possession of Plaintiffs' property, and ordered a sheriff's sale to satisfy the amounts Plaintiffs' owed BNYM. *See Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013) (per curiam) (dismissing plaintiff's complaint challenging the bank's right foreclose, enforce a foreclosure judgment, and conduct a sheriff's sale of the property because "[t]hese claims [we]re in essence an attack on the state court judgment of foreclosure"). Thus, Plaintiffs' challenge to the mortgage's validity and BNYM's right to foreclose

represent complained-of injuries caused by the state-court judgment.

As to the fourth factor, Plaintiffs simply invite a review and rejection of the state court's judgment. Plaintiffs had a full and fair opportunity to contest the validity and priority of their mortgage in the Foreclosure Action. The state court found their arguments unavailing and the Court declines Plaintiffs' invitation to perform an impermissible appellate review of the Foreclosure Action. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Ogbebor v. J.P. Morgan Chase, N.A.*, No. 16-3400, 2017 WL 449596, at *10 (D.N.J. Feb. 2, 2017) ("[C]ourts in this district regularly hold that the *Rooker-Feldman* doctrine prohibits claims in a federal action that challenge the validity of the mortgage or the right to foreclose, since such claims effectively seek to negate or reverse the state court judgment of foreclosure." (footnote omitted)). If Plaintiffs wished to challenge the state court's decision, they could have filed a motion for reconsideration with the state trial court or appealed the decision to the Appellate Division of New Jersey.

For these reasons, *Rooker-Feldman* bars Plaintiffs' FDCPA, NJCFA, and implied covenant of good faith and fair dealing claims. Those claims are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The RESPA claim, however, avoids challenging the validity of the state court judgment because the allegations center on BNYM's failure to respond to Plaintiffs' NoEs and RFIs. *See* Compl. ¶¶ 9–11. "Such noncompliance with RESPA does not implicate the validity of the mortgage or [the bank]'s standing. It is not inconsistent with the existence of a final judgment

of foreclosure." *Siljee v. Atl. Stewardship Bank*, No. 15-1762, 2016 WL 2770806, at *5 (D.N.J. May 12, 2016). The Court thus examines whether res judicata or the entire controversy doctrine bars the RESPA claim.

## 2. Res Judicata and the Entire Controversy Doctrine[2]

The doctrine of res judicata "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted). It "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Id.* (citation omitted). "Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* In New Jersey foreclosure actions, "[o]nly germane counterclaims and cross-claims may be pleaded." N.J. Ct. R. 4:64-5. "Germane counterclaims are those that arise out of the mortgage that is the basis of the foreclosure action . . . and include claims relating to payment[,] discharge, and incorrect computation of amounts due." *Mantovani v. Wells Fargo Bank, N.A.*, No. 18-cv-0886, 2018 WL 3849907, at *4 (D.N.J. Aug. 13, 2018) (citations and internal quotation marks omitted).

Here, the Court is unable to discern if principles of res judicata bar the RESPA claim. Plaintiffs allege BNYM's NoE resolution and RFI search procedures violated RESPA and its

---

[2] Even if the FDCPA, NJCFA, and implied covenant of good faith and fair dealing claims survived *Rooker-Feldman* review, res judicata and the entire controversy doctrine compels dismissal because those claims "arise out of the mortgage that is the basis of the foreclosure action." *Coleman v. Chase Home Fin., LLC ex rel. Chase Manhattan Mortg. Corp.*, 446 F. App'x 469, 472 (3d Cir. 2011) (holding the entire controversy doctrine barred plaintiff's causes of action); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 93 (3d Cir. 2005) (per curiam) ("[E]ven if review of the complaint were not barred by *Rooker–Feldman*, we agree with the District Court that [plaintiff's] claims were barred by res judicata.").

implementing regulations. *See* Compl. ¶¶ 9–10. Yet, nowhere in the Complaint do Plaintiffs plead

the contents of the NoEs and RFIs and when they sent the communications. Thus, Plaintiffs fail to

plausibly plead facts necessary to support the RESPA claim.

Pleading the timing of the RESPA allegations is especially important. In New Jersey, post-

foreclosure NoE or RFI communications cannot support a RESPA claim because the mortgage,

and the obligation to respond, extinguishes upon the entry of final judgment. *See Perez v. Seterus,*

*Inc.*, 2017 WL 5513687, at \*4 (finding plaintiff's post-foreclosure communications failed to state

a RESPA claim); *Genid v. Federal Nat'l Mortg. Ass'n and Seterus, Inc.*, 2016 WL 4150455, at \*3

(D.N.J. Aug. 2, 2016) (dismissing RESPA claims, with prejudice, when the NoE and RFI

communications "occurred after foreclosure, post-sheriff's sale"). If Plaintiffs sent the

communications after the state court entered the foreclosure judgment but before the sheriff's sale

of their property, then they could not have alleged the RESPA claim during the Foreclosure Action.

*See Ogbebor*, 2017 WL 449596, at \*13 ("[T]he RESPA claim was unknown and unaccrued when

the state court entered the uncontested foreclosure judgment. As a result, Plaintiffs did not have an

opportunity to assert the RESPA claim in the state court action based on that conduct."); *In re*

*Mullarkey*, 536 F.3d at 229 ("The entire controversy doctrine does not apply to bar component

claims that are unknown, unarisen, or unaccrued at the time of the original action." (citations

omitted)). Thus, the Court is unable to conclude if principles of res judicata bar the RESPA claim.

But the Court finds the RESPA allegations miss the plausibility mark. Accordingly, the Court will

address the RESPA damages claim because those allegations also contribute to Plaintiffs' failure

to state a claim.[3]

---

[3] Plaintiffs also invoke the Constitution in an attempt to establish jurisdiction. Pls.' Opp'n at 4, 7.
But "a bank's use of a state foreclosure process will not ordinarily constitute a § 1983 violation."
*Swope v. Northumberland Nat'l Bank*, 625 F. App'x 83, 86 (3d Cir. 2015). That BNYM obtained

## B. Failure to State a Claim

Plaintiffs' opposition failed to refute BNYM's failure-to-state-a-claim arguments beyond invoking the notice pleading standard and asserting that the allegations met the "short and plain statement" requirement of Rule 8(a). Pls.' Opp'n at 3. Thus, Plaintiffs essentially concede the four causes of action fail to state claims for relief. *E.g., Lawlor v. ESPN Scouts, LLC*, 10-cv-05886, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) (Issues "raised in an opening brief, but . . . uncontested in the opposition brief . . . [are] considered waived or abandoned."). However, given the Third Circuit's preference for deciding issues on the merits, the Court will consider BNYM's arguments that Plaintiffs fail to state a plausible RESPA claim.

To state a RESPA claim, Plaintiffs must allege: "(1) actual damages to the borrower as a result of the failure to comply with § 2605; or (2) statutory damages in the case of a pattern or practice of noncompliance with the requirements of § 2605." *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016) (citations omitted). Plaintiffs allege actual and pattern or practice damages. Compl. ¶¶ 11–12. As to pleading "actual damages, the borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and their injuries." *Giordano*, 160 F. Supp. 3d at 781 (citations omitted). As to statutory damages, a plaintiff must show how the failure to respond to NoEs or RFIs was sufficient to constitute "a pattern or practice of noncompliance." 12 U.S.C. § 2605(f)(1)(B).

Here, Plaintiffs' actual and statutory damages claims fail as a matter of law. "If a plaintiff simply can allege that failure to respond to a letter caused distress, without more, any RESPA

---

a state-court foreclosure judgment fails to support a Section 1983 constitutional claim here. "To reach '[a]ny other conclusion would transform every foreclosure action between private parties into state action of constitutional dimensions.'" *Id.* at 87 (quoting *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982)).

claim would survive a motion to dismiss." *Giordano*, 160 F. Supp. 3d at 781. That is the case here. Plaintiffs failed to plausibly plead how BNYM's NoE resolution and RFI search procedures proximately caused actual damages or resulted in a pattern or practice of noncompliance to support statutory damages. *See id.* ("[B]are allegations are insufficient as they do not establish that the alleged distress was 'as a result of' the failure to respond . . . [or] the financial hardships she was already experiencing."). Plaintiffs therefore do not sufficiently state a RESPA claim.

### C. Leave to Amend

In this Circuit, courts must give a plaintiff leave to replead at least once if the complaint gives any indication a valid claim might be stated. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citation omitted). But leave to amend is not warranted when it would be inequitable or futile. *Id.* Here, no amendment could cure the FDCPA, NJCFA, and implied covenant of good faith and fair dealing claims. *See, e.g., Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012) (per curiam) (affirming dismissal with prejudice when the plaintiff sought to overturn or negate a state court judgment of foreclosure). But Plaintiffs may replead the RESPA claim to add sufficient facts to the failure-to-respond allegations and theories supporting actual and statutory damages. *See Giordano*, 160 F. Supp. 3d at 785 (placing limits on amending a RESPA claim).

## IV. CONCLUSION

For the foregoing reasons, BNYM's motion to dismiss is granted. An appropriate order accompanies this Opinion.

Date: April 1, 2019

_____
**John Michael Vazquez, U.S.D.J.**